IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 2, 2021

## CARLOS RODGERS ET AL. v. NATIONSTAR MORTGAGE ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-5224-18      Felicia Corbin Johnson, Judge**

_____

### No. W2020-01022-COA-R3-CV
_____

This appeal concerns the dismissal of one of the defendants involved in the underlying case. Because there is no written order evidencing how the operative claims against the subject defendant were resolved, we vacate the trial court's dismissal of the defendant and remand for further proceedings not inconsistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded.**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and JOHN W. MCCLARTY, JJ., joined.

Michael G. Floyd, Memphis, Tennessee, for the appellants, Carlos Rodgers and Wendy Rodgers.

Andrew B. Sanders and Lauren Paxton Roberts, Memphis, Tennessee, for the appellee, Nationstar Mortgage, LLC.

### MEMORANDUM OPINION[1]

The defendant at issue in this appeal, Nationstar Mortgage, LLC ("Nationstar"), was originally sued in the Shelby County Circuit Court ("the trial court") alongside other

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

defendants[2] by the appellants/plaintiffs herein, Carlos and Wendy Rodgers ("the Appellants"). The initial pleading filed by the Appellants was styled as a "Complaint for Conversion, Wrongful Eviction/Trespass, Fraudulent Misrepresentation and Intentional Infliction of Emotional Distress." Nationstar filed a motion to dismiss in response to this complaint, and on April 12, 2019, the trial court entered an order granting partial relief. Whereas the court concluded that the Appellants had "failed to state a claim for either Wrongful Eviction/Trespass or Fraudulent Misrepresentation against Nationstar," their remaining claims against Nationstar—Conversion and "Intentional Recklessness"—were reserved for future adjudication.

On April 22, 2019, the Appellants filed an amended complaint, noting therein that they were acting "before a responsive pleading has been filed." Concerning Nationstar, the amended complaint included allegations under its "Negligent Misrepresentation" count and, by general usage of the term "Defendants," under the separately-labeled "Other Neglegent [sic] Actions and/or Omissions" count. Although a second amended complaint was later filed by the Appellants, it was stricken by order of the trial court.[3]

There are suggestions in the record that the trial court *orally ruled* in February 2020 that certain claims against Nationstar were dismissed, however, a written order on these particular claims was never entered. In May 2020, Nationstar filed a motion requesting dismissal of the alleged "sole remaining claim" against it (for intentional infliction of emotional distress), a claim that it hastened to argue was actually "not pled" against it.

On May 7, 2020, the trial court entered an order of dismissal with respect to the Appellants' claims against two named defendants: Rubin Lublin, LLC, and Rubin Lublin TN, PLLC. The order stated that "Plaintiffs' claims against the remaining Defendants shall proceed and are not affected by this dismissal." On July 16, 2020, the trial court entered an order indicating that certain claims remained pending against certain individual defendants. The same order, however, also acknowledged Nationstar's May 2020 motion regarding the alleged sole remaining claim against it—for intentional infliction of emotional distress—and agreed that such cause of action was not actually pled against Nationstar. Given its resolution of this alleged "sole remaining claim," the trial court dismissed Nationstar from the action.

Although the Appellants sought to appeal the trial court's July 16, 2020 order, this Court entered an order in March 2021 wherein we observed that there was not a final judgment. As part of our discussion, we acknowledged that the July 16, 2020 order

---

[2] We largely tailor our discussion herein to Nationstar, as it is the party presently at issue.

[3] Moreover, according to a subsequent order entered in August 2019, the Appellants withdrew a motion that sought to amend their pleading again. Another motion for leave to amend was filed by the Appellants in November 2019 and then again in December 2019. The record reflects that the Appellants' continued efforts to amend were not permitted by the court.

purported to conclude all matters as to Nationstar[4] but that no Rule 54.02 certification was included. Subsequently, the trial court entered an order including Rule 54.02 certification as to Nationstar.

Our current review of this case reveals lingering concerns with the state of the record, particularly in light of the Appellants' argument on appeal that the trial court did not properly consider their amended complaint. Indeed, although the above chronology clearly evidences that Nationstar has been dismissed from the lawsuit, a close review of the record reflects that the claims actually pled against it in the amended complaint have never been specifically addressed by written order. This posture is likely a product of the trial court's apparent oral adjudication of the claims against Nationstar in a prior hearing, which evidently occurred before the so-called "sole remaining claim"—for intentional infliction of emotional distress—was considered.

The lack of a written order engaging with the operative claims against Nationstar frustrates an attempt to review whether it should have been dismissed as a party, particularly when we do not definitively know the legal basis pursuant to which the claims supposedly orally dealt with were adjudicated.[5] Moreover, the present state of the record helps to fuel the Appellants' apparent concern that their amended complaint was not considered inasmuch as there is no specific adjudication with respect to it. It is well-settled that trial courts speak through written orders, *see In re Adoption of E.N.R.*, 42 S.W.3d 26, 31 (Tenn. 2001), and our review of a trial court's action is to be guided by such orders. Here, no order directly speaks to the amended complaint's claims against Nationstar.

Although Nationstar is dismissive of the Appellants' "attempt to argue [that] the trial court failed to . . . address the Negligent Misrepresentation claim," it readily acknowledges that the "court never signed an order dismissing the claims for Negligent Misrepresentations and Other Negligent Actions and/or Omissions." Moreover, it also states in its brief that "the court only orally dismissed the negligence claim."

In light of the above, we hereby vacate the trial court's dismissal of Nationstar and remand the case for the entry of an order specifically adjudicating the claims asserted

---

[4] By its terms, the July 16, 2020 order references that, in relation to Nationstar, it is dealing with the "sole remaining claim" against Nationstar, thereby presupposing that other claims against Nationstar have previously been adjudicated.

[5] The briefing in this matter suggests that the claims against Nationstar were dealt with in a hearing on a Rule 12 motion. Even if we assume this to be definitively true—and that the court intended to dismiss those claims—the lack of a specific explanation or discussion of the claims can be problematic even though a Rule 12 motion is involved. *See Buckingham v. Tenn. Dep't of Corr.*, No. E2020-01541-COA-R3-CV, 2021 WL 2156445, at *3 (Tenn. Ct. App. May 27, 2021) ("This Court has previously vacated a trial court's Rule 12.02 dismissal where the order of dismissal did not sufficiently explain the basis for the dismissal."). Within the current record, of course, there is no explanation whatsoever relative to the operative claims against Nationstar or a written order as to how those claims were adjudicated.

against Nationstar in the amended complaint. Our decision herein should not be construed as a holding that these claims have, or do not have, merit. Rather, we remand the case in the interests of achieving clarity as to the trial court's intended disposition of these claims, and as to the basis for such an adjudication.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE